UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

INCREDIBLE FOODS GROUP, LLC,

                Plaintiff,

   -against-                             **MEMORANDUM AND ORDER**

UNIFOODS, S.A. DE C.V.,             14-CV-5207 (KAM)(JO)

                Defendant,

-------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Presently before the court are Unifoods, S.A. de C.V.'s ("UF" or "defendant") applications for attorney's fees. For the reasons stated herein, the court awards $6,640 in attorney's fees for the application submitted by UF's counsel, Wilson Elser Moskowitz Edelman & Dicker LLP ("Wilson Elser") and $4,500 in attorney's fees for the application submitted by UF's co-counsel, Draper & Draper LLC ("Draper").

## BACKGROUND

        On September 5, 2014, Incredible Foods Groups, LLC ("IFG" or "plaintiff") brought an action in this court against Unifoods, S.A. de C.V. to vacate in part the arbitration award in *Incredible Foods Group, LLC v. Unifoods*, S.A. de C.V., Case No. 50 467 T 01010 13 (the "Arbitration") (the "Award").[1] *See*

---

[1] The court assumes familiarity with the record as detailed in its September 29, 2015 order, *Incredible Foods Grp., LLC v. Unifoods, S.A. de C.V.*, No. 14-

ECF No. 1. UF opposed IFG's request to vacate and sought confirmation of the Award, entry of judgment, and attorney's fees.

In the court's September 29, 2015 Memorandum and Order, the court denied IFG's motion to vacate in part the Award and granted UF's motion to confirm the Award. *See* ECF No. 32. The court, however, denied without prejudice UF's request for reasonable attorney's fees in the sum of $10,000 based on the lack of supporting documentation. The court granted UF's counsel 14 days to justify its attorney's fees request by submitting contemporaneous time records as well as a description of the work performed and the attorney's experience or qualification. *Id.*

On October 2, 2015, the court denied IFG's objections to, and adopted in its entirety, Magistrate Judge James Orenstein's August 19, 2015 order granting UF's motion for joinder of iSell Unlimited LLC ("iSell"), as a successor-in-interest to IFG, and found that the arbitration award was enforceable against both IFG and iSell. *See* ECF No. 33, Order. On October 7, 2015, the Clerk of Court entered judgment confirming the Award against IFG and iSell. *See* ECF No. 34, Judgment.

---

CV-5207, 2015 WL 5719733 at * 1 (E.D.N.Y. Sept. 29, 2015), and describes only the facts relevant to defendant's attorney's fees requests.

## I. THE ATTORNEY'S FEES APPLICATION BY WILSON ELSER

On October 8, 2015, UF's counsel, Wilson Elser submitted an application for attorney's fees for $6,725; the application included Mr. Lum's biography and two itemized invoices. *See* ECF No. 35, Application for Attorney's Fees by Wilson Elser. On October 16, 2015, IFG objected to five charges in the Wilson Elser fee application. *See* ECF. No. 37, Objections to Fee Application of Wilson Elser. On October 16, 2015, UF replied to IFG's objections and stated that the charges challenged by IFG were disbursements and were not actually included in UF's application for attorney's fees. *See* ECF No. 39, Response to Objections to Fee Application of Wilson Elser.

## II. THE ATTORNEY'S FEES APPLICATION BY DRAPER

On October 13, 2015, UF's co-counsel, Draper submitted an application for attorney's fees in the amount of $5,000. *See* ECF No. 36, Application for Attorney's Fees by Draper. The application included Mr. Draper's biography and a Statement of Account supporting the flat fee of $5,000 charged for Draper's representation of UF in enforcing the Award and joining counterclaim defendant iSell, the successor-in-interest to IFG. Draper also noted that his hourly rate was $400. *Id.* On October 16, 2015, IFG objected to Draper's fee application arguing that Draper's application should be denied for failure

to provide contemporaneous time records.  *See* ECF. No. 38, Objections to Fee Application of Draper.

On October 19, 2015, Draper replied to IFG's objections, stating, that "IFG gratuitously forced UF to incur these fees" due to "meritless motion practice."  ECF No. 40, Response to Objections to Fee Application of Draper.  Further, Draper noted that IFG and iSell were required to pay all of UF's reasonable attorney's fees under the parties' Sub-License Agreement, as UF was the prevailing party in a suit to enforce the Award.  Draper also noted that IFG did not argue that an hourly rate of $400 was unreasonable nor did IFG argue that the $5,000 fee amount was unreasonable for the work performed.  *Id.* at 1, 3.

**DISCUSSION**

I.  **STANDARD OF REVIEW**

"The standard of review of an award of attorney's fees is highly deferential to the district court" and depends on the unique facts and circumstances of each case.  *Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994).  Attorney's fees must be "reasonable in terms of the circumstances of the particular case, and the district court's determination will be reversed on appeal only for an abuse of discretion."  *Alderman v. Pan. Am. World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).

## II. REASONABLE FEE DETERMINATION

"The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged." *Morin v. Nu-Way Plastering Inc.*, No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). When a contract provides that the losing party will pay the attorney's fees of the prevailing party, the court will order the losing party to pay the amounts incurred by the prevailing party as long as the amounts are not unreasonable. *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir. 1987). When determining the reasonableness of an attorney's fees request district courts should:

> [I]n exercising its considerable discretion, [] bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors;[2] it should also bear in

---

[2] The twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc*. are:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

>     mind that a reasonable, paying client wishes
>     to spend the minimum necessary to litigate the
>     case effectively. The district court should
>     also consider that such an individual might be
>     able to negotiate with his or her attorneys,
>     using their desire to obtain the reputational
>     benefits that might accrue from being
>     associated with the case. The district court
>     should then use that reasonable hourly rate to
>     calculate what can properly be termed the
>     "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 484 F.3d 162 (2d Cir. 2007), *as amended,* 522 F.3d 182, 190 (2d Cir. April 10, 2008).

"After determining the amount of the presumptively reasonable fee, [a district] court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118, at *1 (S.D.N.Y. May 8, 2007). "[A] court will generally award those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Pennacchio v. Powers*, No. 05 CV 985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (internal citation and quotation marks omitted). When claiming such costs, "[t]he fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*

---

>     "undesirability" of the case; (11) the nature and
>     length of the professional relationship with the
>     client; and (12) awards in similar cases.
> 488 F.2d 714, 717-19 (5th Cir. 1971).

### a. Reasonable Hourly Rate Determination

"The Supreme Court directed that district courts should use the prevailing market rates in the community in calculating the lodestar, or what the Second Circuit is now calling the 'presumptively reasonable fee.'" *Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 210-11 (E.D.N.Y. 2007), *aff'd*, No. 07-3478-CV, 2008 WL 5083010 (2d Cir. Dec. 2, 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The "community" is defined as the district in which the court sits. *See Arbor Hill*, 522 F.3d at 190; *Lynch*, 492 F. Supp. 2d at 211. The Eastern District of New York has found that reasonable hourly rates range from approximately $300 to $400 per hour for partners and $70 to $100 per hour for legal assistants. *See Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (holding that prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (noting hourly rates of $300 to $450 for partners); *Szczepanek v. Dabek*, No. 10-CV-2459, 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011) (surveying case law to find that prevailing hourly rates in the Eastern District range between $70 and $80 for legal assistants); *Local 282, Int'l Bhd. of Teamsters v. Pile Found. Const. Co.*, No. 09-CV-4535 KAM LB, 2011 WL 3471403, at *13

(E.D.N.Y. Aug. 5, 2011) (hourly rates for legal assistants, including paralegals, range between $70 and $80).

### b. Reasonable Time Expenditure Determination

To determine whether a requested fee is justified by the time and labor expended, the district court must examine the hours used by counsel with respect to the value of the work product to the client's case. *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 303 (E.D.N.Y. 2012) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). If any expenditure of time was "excessive, redundant, or otherwise unnecessary," the court should exclude these hours from the calculation. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

A party seeking attorney's fees "must support that request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696, 2013 WL 950573, at *8 (E.D.N.Y. Mar. 12, 2013) (quoting *Cablevision Sys. NYC Corp. v. Diaz,* No. 07-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)). If such records are inadequate, the court may reduce the award accordingly. *See Lema v. Mugs Ale House Bar*, No. 12-CV-2182, 2014 WL 1230010, at *8 (E.D.N.Y. March 21, 2014).

**APPLICATION**

I. **THE ATTORNEY'S FEES APPLICATION BY WILSON ELSER**

The court finds that UF's application for attorney's fees submitted by Wilson Elser is adequately supported by contemporaneous time records. The court finds Mr. Lum's hourly rate of $400 for 15.5 hours of work is reasonable. The court finds, however, that Mr. Curran's requested hourly rate of $125 is high for this district. Therefore, the court reduces Mr. Curran's rate to $110 but finds the 4 hours worked on this action is reasonable. Accordingly, the court awards Wilson Elser's $6,640 in attorney's fees: $6,200 for Mr. Lum's work and $440 for Mr. Curran's work.

a. **Reasonable Hourly Rate**

Wilson Elser's request for attorney's fees is based on the following hourly rates: $400 per hour for Mr. Lum, the partner on the matter, and $125 per hour for Christian Curann, the legal assistant on the matter. *See* ECF No. 35. IFG did not object to these rates.

i. **Mr. Lum's Hourly Rate Is Reasonable**

In light of Mr. Lum's experience and other case-specific factors articulated by the Second Circuit in *Arbor Hill* —such as the skill required to perform the legal service properly, the customary fee, and awards in similar cases—the court finds that the requested hourly rate of $400 for Mr. Lum

is reasonable in this district. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015) ("The prevailing hourly rate for partners in this district range from $300.00 to $400.00."); *Konits*, 409 F. App'x at 422 (finding that prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour).

Mr. Lum is a litigation partner who was admitted to the New York Bar after earning a J.D. from Albany Law School in 1986. *See* ECF No. 35-1. Mr. Lum's almost thirty years of relevant experience in insurance defense litigation and liability claims justify a reasonable hourly rate of $400. *Id.* Mr. Lum appears to be well-reputed and respected by his peers; he was selected for inclusion in *New York Super Lawyers* from 2011 to 2014 and has represented leading national sports and business enterprises. *Id.* Mr. Lum's biography also includes work relating to the "enforceability of contractual arbitration" and the representation of "major franchise operators." *Id.* In defending this action, defense counsel were required to litigate both the merits of the plaintiff's challenge to the Award and the enforcement of the Award, as well as the joinder of iSell. Thus, the court finds that $400 per hour is appropriate for lawyers with Mr. Lum's background and experience and for the type of work performed. *See Konits*, 409 F. App'x at 422.

### ii. Mr. Curran's Hourly Rate Is Unreasonable

The court finds the requested hourly rate of $125 for the legal assistant, Mr. Curran, is high for this district, notwithstanding that the paralegal rate of $125 per hour is within the range found reasonable by our sister district, the Southern District of New York. *See Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, No. 05 CIV. 6757, 2009 WL 466136, at *6 (S.D.N.Y. Feb. 25, 2009) (finding rate of $205 per hour for paralegal work reasonable); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 CIV. 139, 2009 WL 935674, at *5–6 (S.D.N.Y. Apr. 7, 2009) (finding that New York firm paralegal rate of $200 per hour was reasonable). The court finds that an hourly rate of $110 for Mr. Curran is reasonable under the circumstances because the litigation here was relatively sophisticated and involved multiple claims and multiple motions and IFG did not object to the higher rate of $125. *See Marshall v. Deutsche Post DHL*, No. 13-CV-1471, 2015 WL 5560541, at *8 (E.D.N.Y. Sept. 21, 2015) (stating that the hourly rate and reasonable hours determination lies fully within a district court's discretion).

### b. Hours Reasonably Expended

The court finds the time expended by Wilson Elser was reasonable. A party seeking attorney's fees "must support that request with contemporaneous time records that show for each attorney, the date, the hours expended, and the nature of the

work done." *First Keystone*, 2013 WL 950573, at *8 (quotations and citations omitted). The number of hours claimed must be "supported by time records [and not be] excessive or duplicative." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

Wilson Elser, on behalf of UF, has provided the court with detailed contemporaneous time records documenting the hours worked by Mr. Lum and Mr. Curran, and describing the work performed. *See* ECF Nos. 35-2 to 35-3. Mr. Lum billed 15.5 hours on the defense against plaintiff's claim and the prosecution of the counterclaim; his time was spent drafting dispositive motion papers, pre-motion letters, and meetings with clients. Mr. Curran billed 4 hours on this case; his time was spent drafting various legal documents, communicating with opposing counsel and filing papers with the court. *See* ECF Nos. 35-2 to 35-3. In total Wilson Elser billed 19.5 hours on this action. *Id*. Upon review of Wilson Elser's application for attorney's fees, the court finds the number of hours to be reasonable, given the nature and complexity of issues involved in this action to vacate/enforce the arbitration award. *Marshall*, 2015 WL 5560541, at *8 (stating that the hourly rate and reasonable hours determination lies fully within a district court's discretion).

### c. IFG's Objections

IFG objected to five charges that were on the Wilson Elser invoice submitted with its attorney's fees application. *See* ECF. No. 37. Of the five items disputed by IFG, only the October 15, 2014 charge for $62.50 was actually included in UF's $6,725 request for attorney's fees. The entry reflected half an hour for round trip travel, taken by Mr. Curran, to IFG counsel's offices to obtain a signed copy of a stipulation. *See* ECF No. 35-2. IFG argues that the $62.50 spent on travel time to obtain a manual signature of the document was "unnecessary" because the document was filed online via ECF. *See* ECF. No. 37.

The court finds that the charge for Mr. Curran's time at an hourly rate of $110 for thirty minutes of travel is reasonable; thirty minutes expended on obtaining a signature for a joint stipulation to be submitted to the court is not "excessive, redundant, or otherwise unnecessary." *Quaratino,* 166 F.3d at 425.

## II. THE ATTORNEY'S FEES APPLICATION BY DRAPER

The court finds that Draper's submission for attorney's fees lacks the required contemporaneous time records needed to support an award of the full amount requested. Consequently, the request for attorney's fees is granted, but for the reduced amount of $4,500.

**a. Reasonable Hourly Rate**

Notwithstanding the flat fee arrangement, the court finds that in light of Mr. Draper's experience and other case-specific factors articulated by the Second Circuit in *Arbor Hill*, an hourly rate of $400 for Mr. Draper is reasonable in this district. *See Tacuri,* 2015 WL 790060, at *13 ("The prevailing hourly rate for partners in [the Eastern District of New York] range from $300.00 to $400.00.").

Mr. Draper is an experienced litigator and international arbitration practitioner who was admitted to the New York Bar after earning his J.D. from Columbia Law School. *See* ECF No. 36-1. Mr. Draper appears to be well-respected by his peers and serves on the Panel of Arbitrators of the International Centre for Dispute Resolution, the global arm of the American Arbitration Association. *Id.* He also acts as the Vice Chair of the Alternative Dispute Resolution Committee of the American Bar Association's Section on the Environment, Energy and Resources. *Id.* Additionally, Mr. Draper is a member of the Arbitration Committee of the New York City Bar Association, the New York International Arbitration Center, and the International Bar Association's Arbitration Committee. *Id.* Thus, as with Mr. Lum, the court finds that $400 per hour is a reasonable hourly rate in the Eastern District of New York for lawyers with Mr. Draper's background and experience. *See*

*Konits*, 409 F. App'x at 422 (finding that prevailing rates for experienced attorneys in the Eastern District of New York may span up to approximately $400 per hour).

   **b. Hours Reasonably Expended**

Draper did not submit contemporaneous time records with its application for attorney's fees. Instead, Draper submitted documentation establishing that UF was charged a flat-fee of $5,000 for its work on this case.

"In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Onewest Bank, N.A. v. Cole*, No. 14 Civ. 3078, 2015 WL 4429014, at *6–7 (E.D.N.Y. July 17, 2015) (quoting *Mack Fin. Servs. v. Poczatek*, No. 10-CV-3799 (JS)(AKT), 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011). "The party seeking the fee award must present contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Tr.'s of Empire State Carpenters Annuity v. Infinity Glass & Restoration LLC*, No. 12-CV-5650 JS GRB, 2013 WL 5278200, at *9 (E.D.N.Y. Sept. 17, 2013) (quoting *Carey*, 711 F.2d at 1148). Accordingly, "[w]here adequate records are not submitted, the court may deny fees altogether or

reduce the award." *In re City of New York*, No. CV-03-6049 ERK VVP, 2011 WL 7145228, at *11 (E.D.N.Y. Dec. 2, 2011).

Here, Draper provided the dates and docket entries of the two hearings Mr. Draper attended and the seven submissions, four letters and three motions, which Mr. Draper drafted in this action. *See* ECF No. 36. Further, UF submits that Mr. Draper spent dozens of hours working on this matter. *See* ECF No. 40. IFG argues that Draper's failure to maintain contemporaneous time records mandates the court to award a substantially reduced amount. *See* ECF No. 38. The court agrees.

Draper failed to provide contemporaneous time records for the work it performed. Instead, Draper provided docket entries for the two appearances Mr. Draper made in court, and for the four letters and the three motions Mr. Draper drafted. Some courts in this district have found that "docket entries and other official, contemporaneous records of an attorney's court appearances could, in the discretion of the trial judge, justify an award for the time reflected therein." *Pineda-Herrera v. Da-Ar-Da*, Inc., No. 09-CV-5140 RLM, 2011 WL 2133825, at *8 (E.D.N.Y. May 26, 2011) (citing *Scott v. City of N.Y.*, 643 F.3d 56, 59 (2d Cir. 2011)).

Consequently, the court finds that given the amount of work reflected in the docket and the work described in the application as having been performed, a reduced attorney's fee

award is appropriate. *See OneWest Bank, NA v. Raghunath*, No. 14-CV-3310 RJD MDG, 2015 WL 5772272, at *6 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom. OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310 RJD MDG, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (recommending "a lesser amount of attorney's fees than the flat rate" due to the lack of time records). The court recognizes that flat fee arrangements are becoming more common but "[u]nder New York law, 'the burden [remains] on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested.'" *Popal v. Slovis*, No. 15-1626-CV L, 2016 WL 1552314, at *2 (2d Cir. Apr. 18, 2016) (citing *F.H. Krear*, 810 F.2d at 1265). As such, the court is awarding 10% less than the requested amount and awarding $4,500, rather than $5,000, in attorney's fees to account for lack of contemporaneous time records. *See TM Park Ave. v. Pataki*, 44 F.Supp.2d 158, 169 (N.D.N.Y. 1999) (10% reduction to correct for insufficient detail in the submitted billing entries); *N.S.N. International Industries N.V. v. E.I. Du Pont De Nemours & Co.*, 89 CIV. 1692, 1996 WL 154182, at *3 (S.D.N.Y. April 3, 1996) (holding 30% fee reduction was proper because of the absence of time records); *Cooley v. Arena*, No. 90-CV-603, 1996 WL 494983,

at *5 (N.D.N.Y. Aug. 29, 1996) (reducing the attorney fee award by 30% because of a lack of contemporaneous time records and the vagueness of the billing entries).

## CONCLUSION

For the foregoing reasons, defendant's applications for attorney's fees is **GRANTED** in the amount of $6,640 for the application submitted by Wilson Elser and in the amount of $4,500 for the application submitted by Draper.

**SO ORDERED.**

Dated: August 5, 2016
       Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**
United States District Judge